## MILITARY AUDIT PROJECT et al., Plaintiffs,

v.

## George BUSH et al., Defendants.

### Civ. A. No. 75–2103.

United States District Court, District of Columbia.

May 10, 1976.

William A. Dobrovir, Washington, D. C., for plaintiffs.

Jeffrey F. Axelrad, J. Roger Edgar, Paul F. Figley, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

The Court has reluctantly concluded that *in camera* inspection of any documents covered by plaintiffs' request is necessary. Defendants have been given every opportunity to demonstrate, by affidavit or in response to interrogatories served, the simple but essential fact that each pertinent document, if any, has been conscientiously examined, paragraph-by-paragraph, regardless of its classification and a responsible, specific determination made that disclosure of material covered by the request could reasonably be expected to cause damage to national security. Instead, the Court has received affidavits from persons who did not examine the documents or make any determinations with respect to the specific request of plaintiffs. It is apparent that the withholding is based on a generalized policy decision made prior to plaintiffs' request by persons who had not read the documents and did not know their specific contents. Accordingly, defendants' renewed motion for summary judgment is denied.

In preparation for an *in camera* hearing to be held in chambers on a transcript without plaintiffs' counsel present, defendants are instructed to prepare a detailed index identifying each document, if any, covered by the request and stating document-by-document in detail the specific basis or bas-

es upon which potential harm to national security may result from disclosure. This index, together with the underlying documents, if any, shall be produced in chambers at 2:00 p. m. on June 10, 1976, at which time they will be reviewed by the Court and placed under seal. Defendants shall make available on that occasion a witness or witnesses capable of supporting by personal knowledge each national security claim and prepared to be examined under oath by the Court on a transcript to be sealed.

Nothing in the foregoing is intended in any way to reflect acceptance by the Court of the adjectives and exaggerated statements made by plaintiffs' counsel in his latest papers.

SO ORDERED.